[Cite as *State v. Shiffert*, 2024-Ohio-4952.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

Appellee

v.

Matthew D. Shiffert

Appellant

Court of Appeals No.  OT-23-036

Trial Court No.  23 CR 068

**DECISION AND JUDGMENT**

Decided:  October 11, 2024

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Matthew D. Shiffert, appeals his sentence entered by the Ottawa County Common Pleas Court, following appellant's plea of guilty to: (1) eight counts of pandering obscenity involving a minor or impaired person, each a felony of the second degree; and (2) one count of failure to provide notice of change in vehicle information or identifiers, a felony of the fourth degree. For the reasons that follow, the trial court's judgment is affirmed in part, and reversed in part, with the matter remanded for the

limited purpose of permitting the sentencing court to provide mandatory notifications pursuant to R.C. 2929.19(B)(2)(c).

## Statement of the Case and the Facts

### Indictment and Guilty Plea

{¶ 2} On February 23, 2023, appellant was indicted on eight counts of pandering obscenity involving a minor or impaired person and one count of failure to provide notice of change in vehicle information or identifiers. On May 25, 2023, appellant pled guilty to all of the counts in the indictment.

{¶ 3} At appellant's change of plea hearing, held on May 25, 2023, the prosecutor provided the following statement of facts to provide a factual basis for appellant's guilty plea. From January 1, 2023, through February 9, 2023, appellant accessed Kik Messenger while at his residence in Ottawa County and received images and videos of child pornography. Appellant knew of the character of the material and "[h]e did sell, deliver, disseminate, display, exhibit, present, rent, or provide the obscene material that had a minor as one of its participants or portrayed observers." Appellant also caused the pornography to be brought into Ohio by uploading it. On or about February 9, 2023, appellant failed to notify the Ottawa County Sheriff of internet identifiers, specifically an email address and the username he had for Kik Messenger. Appellant had a prior conviction for pandering sexually oriented material involving a minor.

### Sentencing

{¶ 4} At appellant's sentencing hearing, held August 28, 2023, the trial court stated on the record that it had considered the record, the presentence investigation report,

2.

appellant's sentencing memorandum, and "the multitude of letters of support" for appellant. In addition, the trial court heard from the state, defense counsel, appellant's parents, and appellant.

{¶ 5} The prosecutor, after noting that Counts 1 through 4 would merge with Counts 5 through 8, requested that appellant be sentenced on Counts 1 through 4, as well as on Count 9. He pointed out that Counts 1 through 4, as felonies of the second degree, carried a presumption of prison time.

{¶ 6} Next, the prosecutor pointed out that appellant's offenses arose from child pornography, and that, according to the Court Diagnostics and Treatment Center Mitigation Postconviction Report ("mitigation report"), appellant had a sexual interest in children, including prepubescent children. He observed that appellant was already registered as a Tier II sex offender at the time of the current offenses, and that the presentence investigation report -- quoting the mitigation report -- stated to a "reasonable degree of psychological certainty" that appellant posed a "high risk of committing a future sexual offense related to possessing, viewing child pornography." According to the mitigation report, appellant scored in the high range of risk of recidivism, an increase from his previous score of moderate.

{¶ 7} The prosecutor noted that in 2017, appellant was convicted for the offenses of "use of a minor in nudity-oriented material or performance" and "pandering sexually oriented matter involving a minor." In that case, appellant received three years of probation, which he successfully completed. He also received sex offender specific treatment in a program conducted at the Lebanon Correctional Institute.

3.

{¶ 8} The prosecutor also observed that although appellant had an ORAS score of 14, indicating a low risk, this was a four percent increase from his previous score.

{¶ 9} Finally, the prosecutor argued that consecutive sentences were necessary in this case to protect the public from future crimes by appellant.

{¶ 10} Next, the trial court heard from defense counsel, who began his comments by referencing a sentencing memorandum that he had filed with the court, and which included 14 letters from appellant's friends and family members. The trial court, never having seen the sentencing memorandum, immediately took a break from the hearing in order to review the referenced document. On returning to the record, the trial court indicated that it had read appellant's sentencing memorandum and the attached letters, and that it would be willing to hear from appellant's parents if they had anything more to say at the hearing.

{¶ 11} Appellant's mother appeared and spoke of appellant's politeness and caring and respectful nature. In addition, she asked the trial court to get appellant "the mental health counseling that he needs." Noting that Ottawa County Township had just received a grant to help people with drug addictions, she wondered whether some of that money could somehow be used to help appellant.

{¶ 12} Appellant's father reiterated that he and the others who wrote letters on appellant's behalf wanted appellant to get mental health treatment. After stating some difficulties that appellant faced growing up -- such as being an adopted child, being a child of divorce, and having an autistic brother -- appellant's father stated that he did not

4.

believe that appellant would have committed the offenses "had he been treated correctly or given a chance."

{¶ 13} The trial court noted that although there was a Drug Court and a Mental Health Court, appellant, who only had a diagnosis of pedophilia, did not qualify for either. The trial court stated that it had read and was touched by the letters sent on appellant's behalf, but also noted that following appellant's offenses in 2017, for which appellant was not sent to prison, he went on to reoffend.

{¶ 14} Defense counsel argued that appellant was in need of a more intensive treatment program than the one he had previously completed. Emphasizing that this was not a situation in which physical harm was inflicted on the victims, defense counsel argued that the victims in this case were essentially "blind" to appellant. Finally, defense counsel argued that if the trial court felt that "some prison" was necessary, he would ask "for something in the two-year range."

{¶ 15} Finally, the court heard from appellant who stated, "I have a problem and I know that." He further stated that he would not be safe if he went to prison and that he has a daughter who needs him.

{¶ 16} The presentence report revealed that among the files accessed on appellant's devices were files containing videos portraying prepubescent minors performing oral sex, manipulating adult male genitalia, and having intercourse.

{¶ 17} After hearing from all the parties, the trial court proceeded to sentencing. Stating that it was guided by the overriding purposes of felony sentencing, as set forth in R.C. 2929.11, and that it had considered the factors set forth in R.C. 2929.12, the trial

5.

court concluded that the recidivism factors outweighed the "less likely" factors and that the "more serious factors" outweighed the "less serious factors." The trial court then sentenced appellant to a term of 8 years in prison for each of Counts 1 through 4, and a term of 18 months in prison for Count 9. All the sentences were ordered to run concurrently, for a total aggregate prison term of 8 to 12 years. In addition, appellant received credit for 200 days previously served as of August 28, 2023, as well as any days awaiting transport.

{¶ 18} Appellant filed a notice of appeal on September 12, 2023. On October 11, 2023, the trial court filed a nunc pro tunc sentencing judgment entry clarifying the merger of certain of the counts. And on November 7, 2023, appellant filed an amended notice of appeal.

**Assignments of Error**

{¶ 19} On appeal, appellant asserts the following assignments of error:

I.    The trial court erred by finding that Shiffert's conduct is more serious than conduct normally constituting the offense.

II.   The trial court erred by failing to sentence Shiffert to the minimum sanctions necessary to accomplish the purpose of felony sentencing.

III.  The trial court erred by failing to notify Shiffert pursuant to 2929.29(B)(2)(c).

**Law and Analysis**

{¶ 20} R.C. 2929.11, which addresses the purposes of felony sentencing, provides as follows:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
>
> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
>
> (C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender.

{¶ 21} R.C. 2929.12, which addresses factors to be taken into account when imposing a sentence under R.C. 2929.11, provides:

> (A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this

7.

section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶ 22} R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct and the likelihood of the offender's recidivism.

{¶ 23} In general, we review sentencing challenges under R.C. 2953.08(G)(2). *State v. Eames*, 2024-Ohio-183, ¶ 9 (6th Dist.). "The statute allows us to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if we clearly and convincingly find either (1) the record does not support the trial court's findings under specified Revised Code sections not at issue here, or (2) the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2)(a)-(b).

{¶ 24} R.C. 2953.08(G)(2) does not, however, permit an "'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.), quoting *State v. Jones*, 2020-Ohio-6728. ¶ 42. Thus, we cannot consider any contention "that the trial court improperly applied the seriousness and recidivism factors under R.C. 2929.12" or that an individual prison sentence is inconsistent with the principles and purposes of sentencing under R.C. 2929.11. *State v. Smith*, 2021-Ohio-4234, ¶ 37 (6th Dist.)  Nor may we modify or vacate

8.

a sentence under R.C. 2953.08(G)(2)(b) based on a lack of support in the record for the trial court's findings under those statutes. *State v. Montez*, 2022-Ohio-640, ¶ 9 (6th Dist.).

{¶ 25} "R.C. 2929.11 and 2929.12 are not fact-finding statutes and although the trial court must 'consider' the factors, it is not required to make specific findings on the record regarding its consideration of those factors." *State v. Pierce*, 2023-Ohio-528, ¶ 41 (8th Dist.). In fact, the trial court's consideration of the factors is presumed unless the defendant affirmatively shows otherwise. *Id.* "Further, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is enough to fulfill its obligations under R.C. 2929.11 and 2929.12." *Id.*

### First Assignment of Error

{¶ 26} Appellant argues in his first assignment of error that "[t]he trial court abused its discretion because it stated that it gave consideration to the seriousness factors in R.C. 2929.12, which clearly do not support its finding," and that "[n]one of the statutory factors indicating that the offense is more serious is present." Although it would appear from this initial argument that appellant is asking us to review a contention that the trial court improperly applied the R.C. 2929.12 factors -- which is without question a contention that we cannot lawfully consider -- he attempts to clarify in his reply that "[t]here is a fundamental difference between disagreeing with the trial court regarding its consideration of felony sentencing factors, and "[claiming] that the trial court did not consider factors at all." Conceding that an appellate court cannot consider a disagreement with the trial court's consideration of felony sentencing factors, appellant argues that we can and should consider his claim that the trial court did not consider the factors at all.

9.

{¶ 27} We initially note that, contrary to appellant's contention, the trial court, both at the sentencing hearing and in its nunc pro tunc sentencing judgment entry, expressly stated that it had, in fact, balanced the seriousness and recidivism factors under R.C. 2929.12. As indicated above, such is generally sufficient to fulfill a trial court's obligations under R.C. 2929.11 and R.C. 2929.12. *See Pierce* at ¶ 41. "In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and R.C. 2929.12 is presumed even on a silent record." *Montez* at ¶ 9, citing *State v. Clinton*, 2017-Ohio-9423, ¶ 243.

{¶ 28} As evidence that the trial court did not actually consider the R.C. 2929.12 factors, appellant states there was nothing in the record to suggest that his conduct was more serious than conduct normally constituting the offense. As indicated above, however, we are unable to modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on a lack of support in the record for the trial court's findings under R.C. 2929.12. *See Montez* at ¶ 9.

{¶ 29} Even assuming, arguendo, that this is a proper argument in this case -- i.e., one that is intrinsically distinct from an improper request for a review of the trial court's application of the R.C. 2929.12 factors -- appellant's argument necessarily fails. Among the factors indicating that an offender's conduct is more serious than conduct normally constituting the offense are: (1) that the physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim; and (2) that the victim of the offense suffered

10.

serious physical, psychological, or economic harm as the result of the offense. R.C. 2929.12(B)(1), (2).

{¶ 30} Appellant argues that "[s]ince there has not been any contact between Shiffert and the victim, the offense has not exacerbated the mental injury suffered by the victim." In addition, he argues that "there is no indication in the record that the victim suffered serious harm as a result of the offense," and that "the record cumulatively indicates that the victim does not know about the offense."

{¶ 31} This court in *Smith* made clear that "'children are seriously harmed by the mere possession of pornography in which they are depicted,'" *Smith*, 2021-Ohio-4234, at ¶ 26 (6th Dist.), citing *State v. Maynard*, 132 Ohio App.3d 820, 827 (9th Dist. 1999), citing *State v. Meadows*, 28 Ohio St.3d 43 (1986), inasmuch as "'[t]he dissemination of child pornography exacerbates and continues the exploitation and victimization of the individual child.'" *Id.* at ¶ 29, citing *State v. Duhamel*, 2015-Ohio-3145, ¶ 61 (8th Dist.), citing *New York v. Ferber*, 458 U.S. 747, 759 (1982).

{¶ 32} We further recognized in *Smith* that "'[i]ndividuals who view or circulate child pornography harm the child in several ways (1) by perpetuating the abuse initiated by the creator of the material, (2) by invading the child's privacy, and (3) by providing an economic motive for producers of child pornography for producers of child pornography.'" *Id.* at ¶ 29, citing *Duhamel* at ¶ 61, citing *U.S. v. Norris*, 159 F.3d 926 (5th Cir. 1998).

{¶ 33} Here, the record that was before the trial court indeed provided information about the manner and extent of harm that was inflicted on the victims as a result of

11.

appellant's conduct. Specifically, the presentence investigation report contained a statement by Investigating Deputy Detective Chandler Hoover that material found on appellant's electronic devices included videos portraying prepubescent minors performing oral sex, manipulating adult male genitalia, and having intercourse. From this statement, a sentencing court could find support for determinations: (1) that the victims in this case suffered serious psychological harm as a result of appellant's offenses (*See State v. Thomas*, 2023-Ohio-4750, ¶ 12 ("it is appropriate pursuant to R.C. 2929.12(B)(2) to consider a victim's psychological harm in a case involving possession and redistribution of child pornography.")); and (2) that any mental injury suffered by the victims due to the conduct of appellant was exacerbated because of the young (specifically, prepubescent) ages of the victims. As such, the record does nothing to support -- and instead clearly belies --appellant's claim that the trial court did not consider the R.C. 2929.12 factors.

{¶ 34} For all of the foregoing reasons, appellant's first assignment of error is found not well-taken.

## Second Assignment of Error

{¶ 35} Appellant argues in his second assignment of error that the trial court erred by failing to sentence him to the minimum sanctions necessary to accomplish the purpose of felony sentencing. This argument, assigning error based solely on the trial court's consideration of R.C. 2929.11, is not one that we can consider. *See Smith* at ¶ 37. Therefore, we summarily find that appellant's second assignment of error is not well-taken. *See Eames*, 2024-Ohio-183, at ¶ 10 (6th Dist.) (finding that "we may summarily

12.

dispose of an assignment of error that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12").

## Third Assignment of Error

{¶ 36} Appellant argues in his third assignment of error that the trial court erred by failing to advise him of the R.C. 2929.19(B)(2)(c) notifications at his sentencing hearing. He claims that the R.C. 2929.19(B)(2)(c) notifications are mandatory, and that a failure to provide the notifications at sentencing mandates that the sentence be vacated and requires remand for sentencing.

{¶ 37} The state concedes that the trial court failed to advise appellant of the R.C. 2929.19(B)(2)(c) notifications, and it agrees that this matter must be remanded, but only to permit the trial court to provide the mandatory notifications.

{¶ 38} Under R.C. 2929.19(B)(2)(c), if the sentencing court imposes a non-life felony indefinite prison term, it must notify the offender of all of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in [R.C.] 2967.271…, whichever is earlier;

> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under [R.C.] 2967.271…, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

13.

(iii) That if, as described in [R.C. 2929.19](B)(2)(c)(ii)…, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in [R.C.] 2967.271…;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in [R.C. 2929.19](B)(2)(c)(i) and (ii)… more than one time, subject to the limitation specified in [R.C.] 2967.271…;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 39} "Ohio courts agree that a trial court errs where it fails to make these mandatory advisements at the sentencing hearing." *State v. Fenderson*, 2023-Ohio-2903, ¶ 77 (6th Dist.). Because the trial court failed to make these advisements at the sentencing hearing, we remand this matter to the trial court "'for the limited purpose of permitting the sentencing court to provide the mandatory notifications.'" *Id.*, quoting *State v. Kelly*, 2022-Ohio-3628, ¶ 9 (1st Dist.). Accordingly, we find appellant's third assignment of error well-taken.

## Conclusion

{¶ 40} For all of the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas is affirmed in part, and reversed in part, consistent with this opinion, and, further, the matter is remanded to the trial court for the limited purpose of permitting

14.

the sentencing court to provide the mandatory notifications pursuant to R.C.

2929.19(B)(2)(c). Appellant and appellee are to divide the costs of appeal pursuant to

App.R. 24.

Judgment affirmed,
in part, reversed,
in part, and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.      _____
              JUDGE
Myron C. Duhart, J.

              _____
Charles E. Sulek, P.J.        JUDGE
CONCUR.

              _____
              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.