[Cite as *State v. Brant*, 2016-Ohio-5274.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. H-15-013 |
| Appellee | Trial Court No. CRI-2015-0017 |
| v. | |
| James D. Brant, Jr. | **DECISION AND JUDGMENT** |
| Appellant | Decided: August 5, 2016 |

* * * * *

Daivia S. Kasper, Huron County Prosecuting Attorney, for appellee.

Sean P. Martin, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, James D. Brant, Jr., appeals the judgment of the Huron County Court of Common Pleas, ordering him to pay $27,060.92 in restitution without first conducting an evidentiary hearing under R.C. 2929.18(A)(1).

## I. Facts and Procedural Background

{¶ 2} On January 9, 2015, appellant was indicted on 22 counts in the Huron County Court of Common Pleas. The indictment included eight counts of burglary in violation of R.C. 2911.12(A)(2), felonies of the second degree, seven counts of breaking and entering in violation of R.C. 2911.13(A), felonies of the fifth degree, three counts of theft in violation of R.C. 2913.02(A)(1) and (B)(2), felonies of the fifth degree, and one count of theft of a firearm in violation of R.C. 2913.02(A)(1) and (B)(4), a felony of the third degree.

{¶ 3} Appellant entered into a plea agreement in which he agreed to plead guilty to one count of burglary, one count of breaking and entering, one count of theft, and one count of theft of a firearm. The state dismissed the remaining 18 counts. As part of the plea agreement, the parties entered a joint recommendation for a total prison sentence of 13 years and payment of restitution to the victims; restitution was to be paid on all 22 counts.

{¶ 4} On March 24, 2015, the court accepted the plea agreement and the joint recommendation for sentencing. During the plea colloquy, the court informed appellant that restitution would be ordered on all 22 counts and not just the counts to which he pled guilty. At the sentencing hearing on March 31, 2015, the court ordered total restitution to be paid in the amount of $27,060.92. This amount was based on a report prepared by the state through Victim-Witness Services which included victim impact statements, insurance information, and receipts. However, the report given to appellant's counsel at

2.

sentencing showed a lower amount, totaling $22,255.19. The court informed appellant's counsel that the total amount of restitution was amended because information was submitted after the preparation of the initial report. The amount of $27,060.92—the amount used at sentencing—reflected the amount of restitution due to victim seven, which was missing from the initial report. Appellant's trial counsel stated that it was his understanding that the amount to be paid in restitution was the lower figure. Nevertheless, appellant did not object to the order of restitution or to the amount of total restitution.

{¶ 5} This appeal followed. Appellant's brief challenges the order of restitution in the amount of $27,060.92. Appellant contends that, because there were two different amounts of restitution discussed, the total amount was in dispute. Therefore, appellant argues, the court was required to conduct an evidentiary hearing to determine the proper amount of restitution.

## II. Assignment of Error

{¶ 6} Appellant has appealed the order of restitution and has asserted one assignment of error for our review:

> I. The trial court erred by ordering restitution without conducting a hearing on the disputed amount as required by R.C. 2929.18(A)(1).

## III. Standard of Review

{¶ 7} We review felony sentences pursuant to R.C. 2953.08(G)(2). *See State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2)

3.

allows an appellate court to increase, reduce, or modify a sentence if it finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶ 8} R.C. 2953.08(G)(2)(a) does not apply here. Therefore, we will consider whether the sentence is contrary to law under R.C. 2953.08(G)(2)(b).

## IV. Analysis

{¶ 9} R.C. 2929.18 sets forth financial sanctions available to a trial court for sentencing, and is the relevant statute in determining whether, in this case, the order of restitution was contrary to law.

{¶ 10} R.C. 2929.18(A) provides, in relevant part:

> Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of

4.

courts, or to another agency designated by the court. If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 11} For the reasons discussed below, the sentencing court did not act contrary to law when it ordered restitution to be paid on all counts without first holding an evidentiary hearing.

### A. Appellant Agreed to Pay Restitution on All 22 Counts

{¶ 12} Appellant did not dispute the order of restitution, as appellant, along with the state, agreed and jointly recommended that restitution was to be paid on all 22 counts.

{¶ 13} This court in *State v. Burns*, upheld an order of restitution when the parties jointly agreed that restitution was to be paid on all counts. *State v. Burns*, 2012-Ohio-4191, 976 N.E.2d 969, ¶ 25 (6th Dist.). In *Burns*, the appellant was indicted on 25 counts relating to theft, stemming from his duties while serving as business manager for the

5.

Toledo City School District. *Id.* at ¶ 2. Burns pled guilty to three of the counts and the state dismissed the remaining 22 counts. *Id.* at ¶ 3. In exchange, it was agreed that Burns would pay restitution on all 25 counts, including the counts to which he did not plead guilty. *Id.* Burns was ordered to pay $658,428 in restitution. *Id.* at ¶ 5. However, Burns argued that the restitution order should have totaled only $52,429, which represented the actual economic loss suffered by the Toledo City School District; the remaining $605,999 was disbursed to the school district by its insurance companies. *Id.* at ¶ 16. Upon reviewing the record, we held that Burns agreed to pay the full restitution amount. The amount of restitution in question was discussed at the plea hearing as being "somewhere around $650,000." *Id.* at ¶ 23. Moreover, Burns specifically agreed to pay restitution on all 25 counts. *Id.* Finally, Burns acknowledged that he would be paying restitution on all 25 counts and did not object to the order of restitution or to the amount of restitution. *Id.*

{¶ 14} Here, the joint recommendation provided that restitution would be paid on all 22 counts, including those counts dismissed by the state. The record reveals the following from the plea hearing:

> [THE STATE]: Your Honor, the defendant has agreed to plead guilty to counts 1, 12, 19, and 22. Those were burglary, breaking and entering, theft, and theft of a firearm.
>
> The state and the defendant will jointly recommend a 13-year prison sentence at the time of sentencing, together with restitution on all 22 counts.

6.

* * *

THE COURT: Okay. That's just going to happen as it happens, but I mean as far as what's presented to you today, the prosecutor indicated that the joint recommendation would be 13 years, and that would be concurrent to what happened in Erie County, and that all time -- you'd be given credit for the time that you previously served, *and there would be restitution that would be appropriately ordered in all of the counts not just the ones that you're pleading guilty to*. (Emphasis added).

* * *

THE COURT: Okay. Okay. Okay.

[DEFENSE COUNSEL]: Yes, sir.

{¶ 15} The exact amount of restitution does not appear in the record until the sentencing hearing. The transcript of the sentencing hearing reveals the following:

[THE STATE]: We would also ask that the restitution on all the charges be ordered. The 27,6 – 27,060.92. That the judgment be granted as part of sentencing for that, and we'll list the individual victims as recipients of those judgments in the sentencing entry.

I think that is the extent of what we've agreed to, Your Honor.

THE COURT: All right.

* * *

7.

THE COURT: Okay * * * on behalf of your client, anything you want to say?

[DEFENSE COUNSEL]: Thank you, Your Honor. Just that the credit for time served is credited for the time that he served in Huron County and for the Erie County Charges. My understanding the restitution is 22,235.79 vs. the 27,000.

THE COURT: One of the victims, apparently, there was information that came in subsequently to the preparation of the initial report. That would be for victim number 7, on the second restitution list, where about 4800 bucks was deleted from the original. So, I'm going to order those.

[DEFENSE COUNSEL]: I wasn't privy to –

THE COURT: -- on the amended one. That's why there's a difference.

[DEFENSE COUNSEL]: Nothing further.

* * *

THE COURT: Thank you, gentleman.

Oh, and one other matter here that the Court did delete, the Court is going to order per the plea agreement, the restitution that is set forth in the report by Victim-Witness Services.

[Defense counsel], I believe that you have a copy, and you may want to amend number 7 to $4,800. The total amount ordered is $27,060.92, and every victim that appears on it, there is a record of this, and that they will -- the State has indicated it will delineate who is owed how much money, but there is a full report here. Rather than go over each one of them, restitution is ordered in the case.

[THE STATE]: Thank you, Your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: Thank you, Your Honor.

{¶ 16} Similar to *Burns*, the state and appellant agreed that appellant would plead guilty to four counts, but restitution was to be paid on all 22 counts. Moreover, like *Burns*, appellant acknowledged payment of restitution on all counts during the plea colloquy, and the amount of restitution, while discussed briefly, was not objected to during the sentencing hearing.

### B. The Amount of Restitution was not Disputed

{¶ 17} Furthermore, the court did not act contrary to law by ordering restitution to be paid without first holding an evidentiary hearing pursuant to R.C. 2929.18(A)(1).

{¶ 18} Though the general restitution statute does not require a court to order restitution, the statute itself contains mandatory provisions that must be followed if restitution is to be ordered. *See Burns*, 2012-Ohio-4191, 976 N.E.2d 969, at ¶ 19. The statute mandates that "If the court decides to impose restitution, the court *shall* hold a

9.

hearing on restitution if the offender, victim, or survivor disputes the amount * * *."
(Emphasis added.) R.C. 2929.18(A)(1). Moreover, "there must be competent credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *State v. Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, ¶ 7, citing *State v. Blay*, 10th Dist. Franklin No. 10AP-247, 2010-Ohio-4749, ¶ 7.

{¶ 19} Here, appellant contends that the amount of restitution is in dispute. Appellant argues that the instant case is analogous to both *Henderson* and *State v. Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972. In *Henderson*, the defendant was ordered to pay $12,000 in restitution to the victim. *Henderson* at ¶ 10. The restitution was to compensate the victim for stolen jewelry, and the value was appraised by the victim in her victim-impact statement. *Id.* The defendant disputed the valuation and objected to the order of restitution on the grounds that she lacked an opportunity to contest the valuation of the amount. *Id.* The court of appeals remanded the case, holding that an evidentiary hearing was required due to the defendant's objection. *Id.* at ¶ 11.

{¶ 20} In *Choate*, the defendant was ordered to pay $19,915 in restitution to his former employer for stolen construction tools and vehicles. *Choate*, 9th Dist. Summit No. 27612, 2015-Ohio-4972, at ¶ 39. The defendant did not object to the order or amount of restitution. However, the defendant noted that there were questions still unanswered regarding the amount of restitution. *Id.* The defendant stated that there was insurance disbursement to the victim from a second insurance company, and the victim

10.

had withheld the defendant's final paycheck. *Id*. The court of appeals found that an evidentiary hearing was required, despite the lack of a formal objection, as the amount of restitution was clearly in dispute due to the previous insurance and paycheck issues. *Id*. at ¶ 40.

{¶ 21} We find these cases to be distinguishable. Unlike the defendant in *Henderson*, appellant never formally objected to the order of restitution or amount of restitution. *See Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, at ¶ 10. Further, while it is recognized that *Choate* stands for the proposition that a formal objection may not be required under certain circumstances, the facts here differ from those in that case. Though appellant's counsel did mention that he was not privy to the $27,060.92 figure as opposed to the $22,225.19 figure, these figures were included in the full report provided to the court by Victim-Witness Services. There was no dispute at sentencing as to whether the number was a final reflection of all relevant factors, as was the case in *Choate*. *See Choate* at ¶ 39. Finally, unlike both cases, the restitution figure of $27,060.92 was based on "competent credible evidence." *See Henderson* at ¶ 7, citing *State v. Blay*, 10th Dist. Franklin No. 10AP-247, 2010-Ohio-4749, ¶ 7. The record reveals that the report prepared by Victim-Witness Services included a full insurance report for victim number seven, and the report provides a line-item valuation on which the trial court based the amount of restitution.

{¶ 22} Therefore, because appellant agreed to pay restitution on all 22 counts, failed to object, and because the circumstances did not reflect any lingering uncertainty

regarding the amount of restitution, the trial court was not required to hold a restitution hearing pursuant to R.C. 2929.18(A)(1).

{¶ 23} Accordingly, appellant's assignment of error is not well-taken.

## V. Conclusion

{¶ 24} For the foregoing reasons, having found that the sentencing court did not act contrary to law, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.  
_____
JUDGE

Arlene Singer, J.  

Stephen A. Yarbrough, J.  
_____
CONCUR.  
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.