[Cite as *State v. Eames*, 2024-Ohio-183.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No.  WD-23-023
                                                                      WD-23-024
        Appellee

                               Trial Court No.  2022CR0045
                                                                      2022CR0046

v.

Don Wayne Eames, Jr.                             **DECISION AND JUDGMENT**

        Appellant                    Decided:  January 19, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Michael B. Kelley, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Don Eames Jr., appeals the April 14, 2023 judgments of the Wood County Court of Common Pleas sentencing him to prison and ordering him to pay restitution.  For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} Eames was indicted in two separate cases on a total of 33 charges. In case No. 2022CR0045 ("case 1"), Eames was charged with one count of grand theft in violation of R.C. 2913.02(A)(1) and (B)(4), a third-degree felony; seven counts of petty theft in violation of R.C. 2913.02(A)(1) and (B)(2), each a first-degree misdemeanor; seven counts of identity fraud in violation of R.C. 2913.49(B)(2), each a fifth-degree felony; and ten counts of theft in violation of R.C. 2913.02(A)(1) and (B)(2), each a fifth-degree felony. In case No. 2022CR0046 ("case 2"), Eames was charged with two counts of petty theft in violation of R.C. 2913.02(A)(1) and (B)(2), each a first-degree misdemeanor; three counts of identity fraud in violation of R.C. 2913.49(B)(2), each a fifth-degree felony; and three counts of theft in violation of R.C. 2913.02(A)(1) and (B)(2), each a fifth-degree felony.

{¶ 3} Eames and the state reached an agreement under which Eames agreed to plead guilty to 32 of the original charges and pay restitution, and the state agreed to dismiss the grand theft charge and not oppose Eames's request for intervention in lieu of conviction ("ILC").

{¶ 4} In August 2022, Eames pleaded guilty in both cases. As part of his pleas, Eames agreed to pay 16 of his 23 victims a total of $8,309.55 in restitution, jointly and severally with his codefendant. In case 1, he agreed to pay $5,247.62 to 12 victims; in case 2, he agreed to pay $3,061.93 to four victims. The trial court accepted Eames's

2.

pleas, found that Eames was eligible for ILC and willing to comply with the conditions of an intervention plan, placed him under the supervision of the probation department for one year, stayed all criminal proceedings against him, and imposed conditions of supervision. Among the conditions of his intervention plans were requirements that he pay total restitution of $5,247.62 in case 1 and $3,061.93 in case 2.

{¶ 5} In April 2023, following two ILC violations that Eames stipulated to, the trial court terminated Eames's ILC. At the hearing, after considering Eames's behavior while on ILC, along with the principles and purposes of sentencing and the applicable seriousness and recidivism factors, the court terminated Eames's term of ILC and found him guilty of the 32 charges he pleaded to in August 2022. In case 1, the court imposed prison terms of six months on each petty theft count, ten months on each theft count, and ten months on each identity fraud count. In case 2, the court imposed prison terms of six months on each petty theft count, ten months on each theft count, and ten months on each identity fraud count. The court ordered all of the sentences to run concurrently, for an aggregate sentence of ten months. The court also ordered Eames to pay restitution of $3,061.93 in case 2 and "the same amount" in case 1.

{¶ 6} The trial court's sentencing entries generally reflected its actions at the sentencing hearing. However, in the entry for case 1, the trial court ordered Eames to pay $5,247.62 in restitution. This is the amount in the plea agreement and judgment entry granting Eames's request for ILC, but is not "the same amount" as case 2, as the court

3.

ordered at the sentencing hearing. The entry for case 2 included an order to pay restitution of $3,061.93.

{¶ 7} Eames now appeals, raising two assignments of error:

I. The trial court abused its discretion in sentencing Appellant to a prison term which was not supported by the record which is an abuse of discretion and plain error.

II. The trial court erred when it ordered the payment of restitution.

## II. Law and Analysis

### A. We cannot review the trial court's application of the factors in R.C. 2929.11 and 2929.12.

{¶ 8} In his first assignment of error, Eames argues that the trial court abused its discretion and committed plain error by sentencing him to ten months in prison because "the record does not support the severity of the sentence imposed[,]" which shows that the court did not properly consider the factors in R.C. 2929.11 and 2929.12. In response, the state points out that we are precluded by *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, from reviewing the trial court's consideration of R.C. 2929.11 and 2929.12.

{¶ 9} Generally, we review sentencing challenges under R.C. 2953.08(G)(2). The statute allows us to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if we clearly and convincingly find either (1) the record does not support the trial court's findings under specified Revised

4.

Code sections not at issue here, or (2) the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a)-(b). Notably, under the statute, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 10} However, since the Ohio Supreme Court decided *Jones*, the law governing appellate review of a trial court's consideration of R.C. 2929.11 and 2929.12 in imposing sentence is clear: "R.C. 2953.08(G)(2) does not permit an 'appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.'" *State v. Bowles,* 2021-Ohio-4401, 181 N.E.3d. 1226, ¶ 7 (6th Dist.), quoting *Jones* at ¶ 42; *see also, e.g., State v. Johnson,* 6th Dist. Wood No. WD-20-056, 2021-Ohio-2139, ¶ 14, citing *State v. Orzechowski,* 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 10; *State v. Woodmore,* 6th Dist. Lucas No. L-20-1088, 2021-Ohio-1677, ¶ 17. Moreover, we may summarily dispose of an assignment of error that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12. *See Bowles* at ¶ 8, citing *State v. Toles,* 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 1.

{¶ 11} Eames's only arguments under this assignment of error relate to the trial court's consideration of the factors in R.C. 2929.11 and 2929.12, which we cannot review. Accordingly, based on the authority of *Jones* and *Toles,* we summarily find that Eames's first assignment of error in not well-taken. *Bowles* at ¶ 9, citing *Toles* at ¶ 11 (Brunner, J., concurring).

5.

**B. The restitution amounts in the sentencing entries are not reversible.**

{¶ 12} In his second assignment of error, Eames argues that the trial court erred when it ordered him to pay restitution because the amount of restitution that it ordered at the sentencing hearing was not the same as the amount it put in the sentencing entries, and the court did not consider his ability to pay restitution.

{¶ 13} The state responds that Eames is barred by R.C. 2953.08(D)(1) from appealing the restitution order because he stipulated to the amount of restitution when he pleaded guilty and the amount of restitution was included in the plea agreement that he signed. It contends that a trial court is not required to state the amount of stipulated restitution in open court for the order to be valid, and the court put the correct amounts in its sentencing entries, which is what matters. It also argues that the trial court is not required to consider a defendant's ability to pay restitution when the defendant agrees to the amount of restitution.

**1. We can consider the merits of this assignment of error.**

{¶ 14} First, we address the state's argument that Eames's appeal is precluded by R.C. 2953.08(D)(1). Our general ability to review a felony sentence is eliminated when the defendant and prosecutor jointly recommend a sentence, the sentencing judge imposes the recommended sentence, and the sentence is "authorized by law." R.C. 2953.08(D)(1). "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing

6.

provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. Under R.C. 2929.18(A), a sentencing court's decision to order restitution is discretionary. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 23. But, if the court chooses to impose that sanction, R.C. 2929.18(A)(1) contains mandatory provisions that the court must follow. *State v. Brant*, 6th Dist. Huron No. H-15-013, 2016-Ohio-5274, ¶ 18, citing *State v. Burns,* 2012-Ohio-4191, 976 N.E.2d 969, ¶ 19 (6th Dist.). Among those mandatory provisions are ordering restitution in open court and determining the amount of restitution at sentencing. R.C. 2929.18(A)(1).

{¶ 15} Additionally, although not specifically related to restitution, Crim.R. 43(A)(1) requires a defendant to be physically present (unless appropriate arrangements are made for the defendant to appear by video) at every stage of a criminal proceeding, including the imposition or modification of sentence. Thus, a trial court is not permitted to impose a sentence in its sentencing entry that it did not also impose at the sentencing hearing. *State v. Lantz*, 6th Dist. Fulton No. F-18-011, 2019-Ohio-3307, ¶ 8; *State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18.

{¶ 16} In this case, the trial court technically complied with the requirements of R.C. 2929.18(A)(1) by ordering Eames to pay restitution in open court, ordering restitution of $3,061.93 in case 2, and ordering restitution of "the same amount" in case 1. However, the court ultimately imposed a different, higher amount of restitution in the

7.

sentencing entry for case 1, and nothing in the record indicates that the trial court altered the restitution amount in Eames's presence. Thus, we cannot say that the trial court's restitution order "comports with all mandatory sentencing provisions[,]" so it is not "authorized by law," as required to bar an appeal under R.C. 2953.08(D)(1). *Underwood* at paragraph two of the syllabus. Accordingly, the state's argument is unavailing, and we can consider the merits of Eames's second assignment of error.

### 2. The trial court's error was harmless.

{¶ 17} Turning to the merits of Eames's arguments, we find no errors in the restitution order in case 2. The court ordered $3,061.93 in restitution for case 2 at the sentencing hearing and included the same amount in its sentencing judgment entry. Eames does not raise any arguments that this was somehow improper, other than summarily saying that the trial court's announcement of a lower restitution amount in case 1 in open court "void[ed] both" restitution orders. This argument is not persuasive.

{¶ 18} In case 1, however, the trial court erred by imposing a different restitution amount in the judgment entry than it did at the sentencing hearing, but the error was harmless. The right to be present that is protected by Crim.R. 43(A) implicates a defendant's due process rights, but only to the extent that the defendant would be denied a fair and just hearing if he were absent. *State v. Jones*, 6th Dist. Sandusky No. S-18-036, 2019-Ohio-2646, ¶ 6, citing *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 215. Therefore, a violation of Crim.R. 43(A) is subject to a

8.

harmless-error analysis, and we will not reverse the trial court's judgment unless the defendant demonstrates that he was prejudiced by the imposition of a sentence in the judgment entry but not at the sentencing hearing. *Id.*; *Lantz* at ¶ 9. Prejudice can exist when the discrepancy between the court's oral and written pronouncements creates an unclear sentence or eliminates the defendant's right to object. *Lantz* at ¶ 9. But, when the defendant agrees to a specific amount of restitution in a plea agreement, and the court imposes the agreed amount in its sentencing entry, the defendant cannot show prejudice based solely on the court's failure to order restitution in open court at the sentencing hearing. *Jones* at ¶ 8.

{¶ 19} Here, Eames has not shown that he was prejudiced by the discrepancy in the amount of restitution ordered at the sentencing hearing and the amount imposed in the case 1 sentencing entry. The record shows that Eames was aware of the restitution amount and explicitly agreed to pay it. He signed a plea agreement in case 1 in which he agreed to pay a total of $5,247.62 in restitution, jointly and severally with his codefendant, to the victims in that case. This amount was incorporated into the trial court's ILC plan, and Eames signed copies of the terms and conditions of his ILC plan that listed aggregate restitution in case 1 of $5,247.62. Eames also acknowledged at the sentencing hearing that he agreed to pay restitution in both cases. Eames does not argue that the higher amount in the sentencing entry differs from the amount of restitution he agreed to pay, is somehow inaccurate, or resulted in any other prejudice. Because Eames

9.

has not shown that the court's error in stating the amount of restitution in case 1 at the sentencing hearing prejudiced him, any error was harmless. *Jones* at ¶ 8.

{¶ 20} Eames also contends that the trial court erred by failing to consider his ability to pay restitution. A court is generally required to consider a defendant's "present and future ability to pay * * *" before imposing a financial sanction permitted by R.C. 2929.18, including restitution. R.C. 2929.19(B)(5). However, the court is not required to consider the defendant's ability to pay before imposing restitution that the defendant agreed to as part of a plea agreement. *State v. Jordan*, 6th Dist. Lucas No. L-19-1165, 2021-Ohio-333, ¶ 8. Moreover, a defendant who "agrees to pay restitution as part of their plea agreement 'waives the issue of whether he or she will be able in the future to pay the amount agreed upon.'" *Id.*, quoting *State v. Coburn*, 6th Dist. Sandusky No. S-09-006, 2010-Ohio-692, ¶ 22.

{¶ 21} As already noted, Eames agreed to pay specific restitution amounts in each case as part of his plea agreements. He cannot now claim that the trial court erred by failing to consider his ability to pay the agreed-upon amounts because a defendant who "agrees to pay restitution in a plea agreement cannot challenge, on appeal, the trial court's failure to consider his or her ability to pay before imposing restitution * * *." *Id.* at ¶ 10.

{¶ 22} Eames's second assignment of error is not well-taken.

10.

### III. Conclusion

**{¶ 23}** For the foregoing reasons, the April 14, 2023 judgments of the Wood County Court of Common Pleas are affirmed. Eames is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
Charles E. Sulek, P.J.                                        JUDGE
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.