[Cite as *State v. Davis*, 2024-Ohio-5135.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                             Court of Appeals No.  L-23-1285

     Appellee                                          Trial Court No.  CR0202301973

v.

Nathan Davis                                          **<u>DECISION AND JUDGMENT</u>**

     Appellant                                         Decided:  October 25, 2024

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

\* \* \* \* \*

**DUHART, J.**

**{¶ 1}** This case is before the court on appeal by appellant, Nathan Davis, from the

judgment of the Lucas County Court of Common Pleas journalized on November 21, 2023.

For the reasons that follow, we affirm.

### Assignment of Error

The sentence imposed here was not supported by clear and convincing

evidence on the record, and is therefore subject to review pursuant to R.C.

2953.08(G)(2)**.**

**Background**

{¶ 2} On May 23, 2023, Davis was indicted on one count of strangulation in violation of R.C. 2903.18(B)(1) and (C) (Count 1) and one count of felonious assault, in violation of R.C 2903.11(A)(1) and (D) (Count 2), both felonies of the second degree. He entered a plea of not guilty on July 6, 2023.

{¶ 3} On October 31, 2023, Davis withdrew his previous plea of not guilty and entered a plea of no contest to Count 2, felonious assault. Pursuant to the plea agreement, Count 1 was to be nollied at the time of sentencing, and the State would recommend the Correctional Treatment Facility ("CTF"). The State also informed the court that the victim was in agreement with the recommendation.

{¶ 4} After the plea colloquy, the State gave the following recitation of the facts it would have proven had it gone to trial.

> …If this would have proceeded to trial the State of Ohio would have proved beyond a reasonable doubt the Defendant Nathan Davis on or about the 23rd day of May 2023 in Lucas County, Ohio, did knowingly cause serious physical harm to another in violation [of R.C.] 2903.11(A)..(1) & (D)…
> Specifically, Your Honor, we would have shown that on the date and time in question[,] May 23rd, 2023 at around 10:55 in the evening that the Defendant went over to his child's mother's home where he was residing and an argument ensued over the Defendant not being allowed to take her truck.
> The argument turned physical when the Defendant slapped the victim out of the chair. This argument moved into the kitchen where the Defendant strangled the victim and, not to be coarse, Your Honor, but it wasn't a, you know, hands around the neck kind of strangulation. It was more of an arm around the neck and then an arm, while she was laying on the ground, an arm against the back of her neck strangulation.
> This strangulation did cause her hyoid bone to be broken resulting in serious physical harm to her. She did seek treatment at St. Vincent's Hospital a few days later. Your Honor, the Defendant is on body camera at

2.

the scene of the crime and admits that there was an altercation that evening. We would have proven all of these facts beyond a reasonable doubt.

{¶ 5} After asking Davis if he had any questions, to which he answered no, and asking his attorney if she believed Davis was entering the plea knowingly, voluntarily and intelligently, to which she answered yes, the court found Davis guilty.

{¶ 6} Sentencing occurred on November 20, 2023. The court put in place a non-expiring no-contact order, which the court acknowledged would "make shared parenting more complicated…"

{¶ 7} Davis's attorney spoke in mitigation, requesting that Davis be permitted to "finish the treatment that he has already started at Correctional Treatment Facility and then step down into work release." She stated that the victim was asking for Davis "to receive some type of help rather than prison." She also made the following statement.

> [M]y client has said from the beginning of it, he is not - - he has not denied that he was aggressive with the victim. He admits to pushing her glasses in and he did break the glasses in the process. It sounds like it was just - - it got absolutely out of control. He does dispute that he was the one that broke the hyoid bone. There was a two[-]day lapse from when this assault occurred to when the victim went to the hospital. So he does dispute he choked her.

{¶ 8} She also pointed out that it was Davis's first felony, that he only had four misdemeanors as an adult, and that it was his first crime of violence.

{¶ 9} Prior to the sentence, the judge made the following statement.

> Mr. Davis, I have considered every aspect of this case. Every single principle and purpose of felony sentencing as codified by the Ohio Revised Code. Sentencing decisions like this are never easy and this one is certainly no exception. Ultimately, Mr. Davis, this is just too serious. It is too dangerous.

3.

You broke a bone in [victim's] neck that is consistent with hangings, blunt force impact like car crashes and strangulation. It took an extreme level of force and violence to cause that injury and you have taken no responsibility for it. You have minimized your actions and blamed the victim, which leads this court to the conclusion that you continue to present as a safety risk. Not just to her but to others in our community and that's a level of risk that this Court just cannot tolerate.

{¶ 10} Then, after considering the record, oral statement, any victim impact statement, the PSI, as well as "the principles and purposes of sentencing under [R.C.] 2929.11" and balancing the seriousness and recidivism factors under R.C. 2929.12, the court found that Davis was not amenable to community control, and that prison was consistent with the purposes of R.C. 2929.11. Davis was then sentenced to a minimum of six years in prison and a maximum of nine years.

{¶ 11} Davis appealed.

## Law and Analysis

{¶ 12} Davis argues that his sentence was not supported by clear and convincing evidence. He maintains that his sentence does not achieve the three overriding purposes of felony sentencing set forth in R.C. 2929.11, pointing to comments made by the court that it understood the victim's injury arguably constituted strangulation, which he described as relying on "misleading" facts when he pled to felonious assault, not strangulation, and also pointing to the parties' agreement to a sentence of community control with treatment at CTF. He further contends that his sentence does not reflect the factors set forth in R.C. 2929.12(B), (C), (D) and (E). He reasons that there were no applicable factors under R.C. 2929.12(B) other than serious physical injury under (B)(2), and that he exhibited "little indication of recidivism based on the statutory factors of

4.

R.C. 2929.12(D) and (E) as he "had no delinquency adjudications as a child," and his "prior criminal history consisted of misdemeanors and traffic offenses," with the most recent being a prior misdemeanor drug abuse charge from 2013. He also asserts that any indicators of recidivism would be addressed by the no-contact order.

{¶ 13} Generally, we review felony sentences under R.C. 2953.08(G)(2). *State v. Purley*, 2022-Ohio-2524, ¶ 8 (6th Dist.). R.C. 2953.08(G)(2) allows an appellate court to increase, reduce, or otherwise modify a sentence, or vacate the sentence and remand for resentencing if the court clearly and convincingly finds that either of the following apply: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code" or (b) "the sentence is otherwise contrary to law."

{¶ 14} "However, since the Ohio Supreme Court decided [*State v. Jones*, 2020-Ohio-6729], the law governing appellate review of a trial court's consideration of R.C. 2929.11 and 2929.12 in imposing sentence is clear: 'R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' Moreover, we may summarily dispose of an assignment of error that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12." (Citations omitted.) *State v. Eames*, 2024-Ohio-183, ¶ 10 (6th Dist.).

5.

**{¶ 15}** Here, Davis's sole argument is a challenge to the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12, and such an argument is not subject to this court's review. Therefore, consistent with *Jones* and *Eames*, we find Davis's assignment of error not well-taken.

### Conclusion

**{¶ 16}** The judgment of the Lucas County Common Pleas Court is affirmed. Pursuant to App.R. 24, Davis is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                          _____
                                                                    JUDGE
Christine E. Mayle, J.

                                                       _____
Myron C. Duhart, J.                                    JUDGE
CONCUR.

                                                       _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.