[Cite as *State v. Coon*, 2025-Ohio-1849.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio

Appellee

v.

Timothy J. Coon

Appellant

Court of Appeals No.   OT-24-027
                                        OT-24-028

Trial Court No.  2023 CRI 094
                               2023 CRI 122

**DECISION AND JUDGMENT**

Decided:  May 23, 2025

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Daivia S. Kasper, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} In this consolidated appeal, appellant Timothy Coon appeals the judgments of the Ottawa County Court of Common Pleas, convicting him following a guilty plea to one count of obstructing official business and one count of aggravated menacing and sentencing him to 11 months in prison.  For the following reasons, the trial court's judgments are affirmed.

## I. Factual Background and Procedural History

{¶ 2} On April 2, 2023, Coon contacted 911 seeking the phone number for a mental health line. The 911 operator provided the number and dispatched units to Coon's residence. While the units were on their way, Coon contacted the mental health line and threatened to kill two individuals. For making those threats, the Ottawa County Grand Jury indicted Coon in case No. 2023-CR-0122 on two counts of retaliation in violation of R.C. 2921.05(A) and (C), felonies of the third degree.

{¶ 3} When the police arrived at Coon's residence, they realized that there was a warrant for his arrest for failing to appear at a prior court date in a different matter. Coon came onto the front porch of his motor home carrying a machete and telling the officers to go away. Eventually, the police tased and tackled Coon. From this, the Ottawa County Grand Jury indicted Coon in case No. 2023-CR-0094 on one count of inducing panic in violation of R.C. 2917.31(A)(2) and (C)(3), a felony of the fourth degree, one count of aggravated menacing in violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree, one count of obstructing official business in violation of R.C. 2921.31(A) and (B), a felony of the fifth degree, and one count of resisting arrest in violation of R.C. 2921.33(C)(2) and (D), a felony of the fourth degree.

{¶ 4} While his cases were pending, Coon was released on bond after successfully completing a mental health evaluation. He violated the conditions of his bond several times for missing curfews or drug testing.

2.

**{¶ 5}** On April 29, 2024, Coon withdrew his initial plea of not guilty and entered a plea of guilty in case No. 2023-CR-0122 to the amended count of aggravated menacing in violation of R.C. 2903.21(A) and (B), a misdemeanor of the first degree. In case No. 2023-CR-0094, Coon pleaded guilty to the count of obstructing official business in violation of R.C. 2921.31(A) and (B), a felony of the fifth degree. In exchange for his pleas, the State agreed to dismiss the remaining counts in both cases.

**{¶ 6}** Prior to accepting Coon's pleas, the trial court conducted a detailed Crim.R. 11 plea colloquy. Coon affirmed that he was not under the influence of drugs or alcohol, that he had never been treated for mental illness, and that he was feeling "good" mentally. Coon did mention, however, that he was unable to take his prescription medication for arthritis while in custody. Coon next agreed that he read the plea agreement and fully discussed it with his attorney. He also described the charges to which he was pleading guilty and their respective potential penalties. The trial court then discussed the rights that Coon was waiving by pleading guilty, and Coon stated that he understood and wished to waive those rights.

**{¶ 7}** The State then began its recitation of the facts. Coon disagreed with the State's version and instead offered that the whole issue began because of a dispute with his wife during their divorce and the fact that the Lake Township Police Department did not wear body cameras. Coon stated that he was falsely accused of threatening his wife, which led to him being arrested in Wood County and to a series of legal issues that

3.

snowballed. He said that he was given a mental health evaluation while in Wood County, which determined that he was "more than competent" to understand what was happening.

{¶ 8} Following the recitation of facts, the trial court accepted Coon's pleas, found him guilty, and continued the matter for sentencing.

{¶ 9} At the sentencing hearing, the State recounted that while on bond, Coon has struggled with mental health issues and anger issues. It noted, however, that Coon was a 65-year-old man with a very limited criminal history of only a couple of misdemeanor convictions. The State recommended that Coon be placed on community control with orders to receive mental health and anger counseling.

{¶ 10} Coon, for his part, instructed his attorney not to speak and addressed the court himself. Coon essentially repeated his version of the facts that he provided during the plea hearing. He also expressed his dismay in what he believed were the failings of the legal system, and he maintained that he was innocent but was tired of fighting the injustice. He further stated that he does not have mental health issues, recounting that he passed a mental health evaluation in this case and in Wood County.

{¶ 11} As to punishment, Coon stated that he has been monitored while on bond for two years and that he does not want to be monitored any longer, stating, "If you care to punish me any further for what I did not do, I ask you put me in jail for whatever time, and when that time is up, then I'm free and it's behind me." Coon stated that he would be happy to do community service, but did not want to do probation. The trial court then asked Coon if he understood that community service was not an option if he was not on

4.

probation, and if that fact would change his mind. Coon responded that "if it's going to be to still have time limits imposed on my life and not be able to do things that are legal to everyone else, then I don't want it." The trial court explained that probation would include a curfew and drug testing, and again asked Coon if that was something he could live with. Coon answered, "I don't want to. I'll do the jail time and when it's over with, it's over with. If you choose -- I spent so much time in jail over this already and it's all due to one factor. Police without body cameras. . . . So if you want to punish me more, I guess that's what I prefer. When it's done, it's done."

{¶ 12} The trial court then considered the factors in R.C. 2929.11, 2929.12, and 2929.13, and found that Coon was not amenable to community control. It sentenced him to 11 months in prison on the count of obstructing official business in case No. 2023-CR-0094, and 35 days in jail on the count of aggravated menacing in case No. 2023-CR-0122, with credit for time served.

## II. Assignments of Error

{¶ 13} Coon now timely appeals his judgments of conviction, asserting two assignments of error for review:

> 1. Mr. Coon's guilty plea was not knowingly, intelligently, and voluntarily made due to lack of inquiry into his mental and physical condition.

> 2. The trial court abused its discretion by imposing a prison sentence rather than community control, contrary to Ohio's sentencing guidelines.

## III. Analysis

{¶ 14} In his first assignment of error, Coon argues that his plea was not knowingly, intelligently, and voluntarily made.

{¶ 15} "A defendant entering a plea in a criminal case must do so knowingly, intelligently, and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional." *State v. Hart*, 2024-Ohio-5622, ¶ 10 (6th Dist.), quoting *State v. Mull*, 2024-Ohio-370, ¶ 12 (6th Dist.). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11. The rule "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 16} Coon does not argue that the trial court's Crim.R. 11 colloquy was deficient in any way. Instead, he argues that his plea may have been compromised by his mental and physical condition. Upon review, the record does not contain any facts to support this argument.

{¶ 17} At the plea hearing, Coon demonstrated his understanding of the charges against him and those to which he was pleading guilty, as well as their potential penalties. He affirmed that he was not under the influence of any drugs or medication, he had never been diagnosed with a mental illness, and that he was feeling "good" mentally. His responses during the hearing demonstrated a clear understanding of the nature of the

6.

proceedings and were reflective of his choice to enter a plea of guilty to the charges. At no time did defense counsel, the State, or the trial court express any concern that Coon was unable to understand the process, and this court's review of the record likewise finds no reason to doubt his competence or the knowing, intelligent, and voluntary nature of his plea.

{¶ 18} Accordingly, Coon's first assignment of error is not well-taken.

{¶ 19} In his second assignment of error, Coon argues that the trial court erred in sentencing him to prison instead of community control.

{¶ 20} This court reviews felony sentences pursuant to R.C. 2953.08(G)(2), which provides, in pertinent part,

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> (b) That the sentence is otherwise contrary to law.

{¶ 21} Here, Coon was sentenced to an 11-month prison term on a fifth-degree felony. R.C. 2929.13(B)(1)(a) directs that an offender convicted of a nonviolent fourth- or fifth-degree felony shall be placed on community control unless one of the exceptions in R.C. 2929.13(B)(1)(b)(i)-(x) applies. Coon concedes that R.C. 2929.13(B)(1)(b)(iii)

7.

applies because he "violated a term of the conditions of bond as set by the court." The trial court, therefore, had discretion to impose a prison term.

{¶ 22} Coon argues that the trial court abused its discretion in its consideration of the principles and purposes of felony sentencing and the seriousness and recidivism factors. He contends that the trial court should have followed the preference for constructive sentencing alternatives and prioritized supportive mental health treatment and structured probationary conditions over prison.

{¶ 23} "However, since the Ohio Supreme Court decided [*State v. Jones*, 2020-Ohio-6729], the law governing appellate review of a trial court's consideration of R.C. 2929.11 and 2929.12 in imposing sentence is clear: 'R.C. 2953.08(G)(2) does not permit an "appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12."'" *State v. Davis*, 2024-Ohio-5135, ¶ 14 (6th Dist.), quoting *State v. Eames*, 2024-Ohio-183, ¶ 10 (6th Dist.), quoting *State v. Bowles*, 2021-Ohio-4401, ¶ 7 (6th Dist.). "Moreover, we may summarily dispose of an assignment of error that is based only on the trial court's consideration of the factors in R.C. 2929.11 and 2929.12." *Id.*, quoting *Eames* at ¶ 10.

{¶ 24} Coon's sole argument is a challenge to the court's discretion in determining the appropriate punishment based on its weighing of the sentencing factors and considerations. Such an argument is not subject to this court's review.

8.

**{¶ 25}** Accordingly, consistent with *Jones*, Coon's second assignment of error is not well-taken.

## IV. Conclusion

**{¶ 26}** For the foregoing reasons, the judgments of the Ottawa County Court of Common Pleas are affirmed. Coon is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                  _____
                                            JUDGE

Christine E. Mayle, J.

Charles E. Sulek, P.J.                    _____
CONCUR.                                          JUDGE

_____
                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.