[Cite as *State v. Manning*, 2025-Ohio-3101.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                   Court of Appeals No. L-24-1136

    Appellee                                                 Trial Court No. CR0202302692

v.

Paul Manning                                              **DECISION AND JUDGMENT**

    Appellant                                                Decided: August 29, 2025

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor and
Randy L. Meyer, Esq., Assistant Prosecutor, for appellee.

W. Alex Smith, Esq., for appellant.

* * * * *

**DUHART, J.**

{¶ 1} This case is before the court on appellant, Paul Manning's appeal from the May 2, 2024 judgment of the Lucas County Common Pleas Court. For the reasons that follow, we affirm.

## Assignment of Error

{¶ 2} The trial court erred by failing to hold a restitution hearing despite [Manning's] objection to the amount requested.

## Background

{¶ 3} On February 8, 2024, Manning entered a plea to Count 1, attempted theft from a protected class, in violation of R.C. 2923.02 and 2913.02(A)(3) and (B)(3), a felony of the fifth degree. As part of the plea, Manning agreed to pay restitution to the victim in the amount of $2,720. During the plea colloquy, Manning was asked if he understood that there was an agreement that he would pay restitution to the victim in the amount of $2,700,[1] and he responded in the affirmative. Additionally, the plea form signed by Manning states, in part, that "defendant agrees to pay restitution to the victim in the above matter in the amount of $2,720.00." Then, after Manning was found guilty, his attorney again acknowledged the restitution amount and asked whether the court would be willing to extend the sentencing date out six to eight weeks as Manning would "be able to make probably the full restitution amount" in that timeframe. The court complied and scheduled sentencing for April 8, 2024. When he appeared for sentencing

---

[1] This is different than the amount discussed in the plea agreement, and later in the settlement hearing, however, this is the amount stated in the transcript.

on April 9, 2024,[2] the judge again continued the sentencing date, at Manning's request, to allow Manning to pay restitution.

{¶ 4} Manning appeared for sentencing on April 29, 2024. The judge asked Manning if he had a certified check with him to pay for restitution, or if he was prepared to proceed. He said he didn't, explaining:

> [I]t's not a problem with paying. That ain't the problem. The problem is the affidavit that was put in to begin with. It's an exaggeration on an affidavit which is perjury.
>
> I tried to call down and see if I could get the price of what I owe, because they did go pick up material on September 23rd. It wasn't me, it was them. So I need to find out what the actual real cost is and not what they're alleging because that's an exaggeration, which is perjury.

The following conversation then occurred:

> THE COURT: Well, Mr. Manning, there was a negotiated plea in this case which [led] to you being in front of me today for sentencing, and the agreed restitution was $2,720, so any dispute over that amount ended at the time that you entered into this negotiated plea with the State to reduce the charge that you were found guilty of. If you don't have the restitution today, that's fine, but I'm still going to proceed with sentencing, Okay?
>
> [MANNING]: So why can't I rescind my plea?
>
> THE COURT: Well, I don't have the motion in front of me to withdraw your plea, and you stood in front of me and went over the entire plea. We talked about the nature of the charges against you, the potential penalties associated with it.
>
> [MANNING]: That plea doesn't have the offer from the State on it either, Your Honor.

---

[2] Although it was initially scheduled for April 8, 2024, it was rescheduled as the courthouse was closed April 8th.

3.

THE COURT: I'm sorry, what?

[MANNING]: I said the plea doesn't have the offer from the State neither [sic] on it.

THE COURT: The plea form that you signed indicated that the State of Ohio will request a no-contact order with the victim and that you agreed to pay restitution to the victim in the amount of $2,720. And then in exchange for reducing the charge to an attempted theft, felony of the fifth degree, you entered into a guilty plea where you completely admitted your guilt on the record after I made thorough inquiry of you as to whether or not you understood the nature of the charge against you, what you were pleading guilty to, and the potential penalties associated with it.

{¶ 5} Manning's case was recalled at the end of docket, and a hearing was held on his oral motion to withdraw the plea. Manning's attorney first commented that she didn't entirely understand his desire to withdraw his plea, but she was concerned that he thought "he promised to pay this money and he doesn't have it and so now he's, perhaps, feeling like he has to withdraw the plea in order to not pay the money on the timeline that we promised." The court assured Manning that he was not expected to pay it in full by the time of sentencing, but Manning explained that the problem was not the money, he had the money. The problem was the dollar amount. Manning believed the amount he owed was less than the amount of restitution ordered.

{¶ 6} The court ultimately denied Manning's motion to withdraw his plea and sentenced him to two years of community control and ordered him to pay restitution to the victim in the amount of $2,720.

{¶ 7} Manning appealed.

4.

**Law and Analysis**

{¶ 8} We first note that Manning has not raised as error the trial court's denial of his oral motion to withdraw his plea, nor has he made any such argument in his brief. As this issue has not been raised as an assignment of error, it is not before us for consideration. *See* App.R. 12(A)(1)(b), *State v. Morse*, 2025-Ohio-2713, ¶ 16, fn. 1 (6th Dist.).

{¶ 9} Instead, Manning's only assigned error is that he properly objected to the amount of restitution and therefore was entitled to a hearing. He claims failure to conduct a hearing was plain error, and that there was no evidence supporting the amount of restitution. The State raises two arguments in rebuttal. First, the State argues that R.C. 2953.08(D)(1) precludes Manning from raising this issue as the amount of restitution was jointly recommended in the plea agreement. Second, the State maintains that Manning waived his right to a hearing under R.C. 2929.18(A)(1) when the amount of restitution was already stipulated to as part of his guilty plea agreement. The State also points out that Manning did not request a restitution hearing; instead, he made an oral motion to withdraw his plea.

{¶ 10} R.C. 2929.18(A)(1) provides for a trial court to sentence an offender to pay restitution in "an amount based on the victim's economic loss."

{¶ 11} Generally, "[t]he proper standard of review for analyzing the imposition of restitution as a part of a felony sentence is whether the sentence complies with R.C. 2953.08(G)(2)(b)." *State v. Young*, 2020-Ohio-4943, ¶ 11 (6th Dist.), quoting *State v.*

5.

*Collins*, 2015-Ohio-3710, ¶ 31 (12th Dist.). Therefore, instead of reviewing the judgment for abuse of discretion, we must determine whether the restitution imposed was clearly and convincingly contrary to law, rather than reviewing for an abuse of discretion." *Id.* quoting *State v. Cantrill*, 2020-Ohio-1235, ¶ 87 (6th Dist.).

{¶ 12} However, "[o]ur general ability to review a felony sentence is eliminated when the defendant and prosecutor jointly recommend a sentence, the sentencing judge imposes the recommended sentence, and the sentence is 'authorized by law.' R.C. 2953.08(D)(1)." *State v. Eames*, 2024-Ohio-183, ¶ 14 (6th Dist.).

{¶ 13} Here, Manning and the State agreed to the amount of restitution. Manning approved the amount both in the written plea form, and at the plea hearing. And the trial court imposed the agreed-upon amount. The only remaining issue is whether the sentence is authorized by law.

{¶ 14} In *Eames*, we noted:

"A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.' … *State v. Underwood* … 2010-Ohio-1… paragraph two of the syllabus. Under R.C. 2929.18(A), a sentencing court's decision to order restitution is discretionary. *State v. Lalain*, …2013-Ohio-3093, … ¶ 23. But, if the court chooses to impose that sanction, R.C. 2929.18(A)(1) contains mandatory provisions that the court must follow. *State v. Brant*, … 2016-Ohio-5274, ¶ 18 [(6th Dist.)], citing *State v. Burns*, 2012-Ohio-4191, …, ¶ 19 (6th Dist.)." *Id.* at ¶ 14.

{¶ 15} Generally, one such mandatory provision is that "[t]he court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount." R.C. 2929.18(A)(1). However, in this instance, we find the

6.

restitution hearing provision inapplicable as the amount of restitution was specifically agreed to in the plea agreement. Manning argues he was entitled to a hearing "to contest the restitution order," but we have previously stated that a defendant waives any argument concerning the accuracy of the restitution amount when it is stipulated to as part of the plea agreement. *State v. O'Brien*, 2021-Ohio-4037, ¶ 20 (6th Dist.). *See also Brant* at ¶ 22 (finding no restitution hearing necessary, in part because "the circumstances did not reflect any lingering uncertainty regarding the amount of restitution."). We have also found a stipulation as to the amount of restitution "provides a sufficient basis for the restitution amount under the statute." *State v. Speweike*, 2011-Ohio-493, ¶ 39 (6th Dist.). Additionally, as the amount of restitution was part of the plea agreement, it cannot be attacked separately from the plea agreement itself. *See O'Brien* at ¶ 26 ("[A] defendant cannot simply attack one aspect of the plea agreement."). Here, as mentioned above, Manning did not appeal the denial of his request to withdraw his plea.

{¶ 16} As Manning has not identified any applicable mandatory sentencing provisions that were not adhered to, we find that Manning's sentence is authorized by law. Therefore, R.C. 2953.08(D)(1) bars our review of Manning's assignment of error.

{¶ 17} Moreover, even if Manning were able to raise this issue on appeal, he cannot demonstrate that the restitution award was contrary to law. For the reasons discussed above, when considering the specific facts before us, we find Manning was not entitled to a restitution hearing.

{¶ 18} Accordingly, Manning's assignment of error is found not well-taken.

7.

**Conclusion**

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, Manning is hereby ordered to pay the costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Christine E. Mayle, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J. | |
| CONCUR | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.