[Cite as *State v. Munoz*, 2013-Ohio-4987.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 12AP-299 |
| v. | : | (C.P.C. No. 10CR-06-3223) |
| Lucio M. Munoz, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

———————

D E C I S I O N

Rendered on November 12, 2013

———————

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Todd W. Barstow & Associates*, and *Todd W. Barstow*, for appellant.

———————

APPEAL from the Franklin County Court of Common Pleas.

T. BRYANT, J.

{¶1} Defendant-appellant, Lucio M. Munoz, filed an appeal from a judgment of conviction and sentence where the Franklin County Court of Common Pleas found him guilty of assault, in violation of R.C. 2903.13. For the following reasons, we affirm the judgment of the trial court.

{¶2} Appellant was indicted on one count of assault, a felony of the fourth degree, in violation of R.C. 2903.13. A jury trial was conducted, and appellant was found guilty. During the trial, three witnesses testified for the prosecution.

{¶3} The first witness to testify at the trial was David Salsgiver, a Columbus Police Officer. Officer Salsgiver testified that, on May 16, 2010, he responded to a call regarding a gun being fired into the air or at a house. The 911 caller gave a description

of the car, which was located by another officer, Debra Paxton. Officer Salsgiver proceeded to the location and arrived to find Officer Paxton was already present and had an individual in her cruiser. Officer Paxton was standing on the sidewalk talking to a male and female. Officer Benjamin Hetzer was also present and was talking to appellant. Officer Salsgiver approached Officer Hetzer because appellant had his hands in the front of his pants, and, while Officer Salsgiver approached, Officer Hetzer performed a pat down. Officer Hetzer began asking appellant questions, but appellant refused to give his social security number or last name. Appellant again put his hands into his pants, and Officer Hetzer asked him not to do so. Officer Salsgiver then asked appellant to remove his hands, and, at that time, appellant began "blading his body." (Tr. 194.) Officer Salsgiver explained that appellant turned his body so Officer Salsgiver could not see the front of his body, only the side, and that usually indicates the person is trying to hide something or possibly may be getting ready to do something offensive. (Tr. 194-95.) Officer Salsgiver explained he believed appellant was "going for an offensive manner" so he grabbed appellant's left arm to remove it from his pants. (Tr. 196.) Then appellant shifted his weight backwards as if he was going to strike or shove Officer Salsgiver. Appellant pulled away with his left arm and came around with his right arm, and his elbow struck Officer Salsgiver in the head. (Tr. 196.) Officer Salsgiver's impression was that appellant deliberately struck him, not that it was a mistake or that appellant was tripping and falling. (Tr. 197.) Officer Salsgiver explained that he thought it was a deliberate action because the action was not an attempt to flee. (Tr. 197.) After appellant struck him, Officer Salsgiver pushed into appellant, and they fell on the ground struggling. Officer Salsgiver struck appellant on the left side of his face. Then Officer Paxton deployed her taser. (Tr. 198.)

{¶4} Officer Hetzer testified that he was "dispatched on a gun run" and responded to the area where Officer Paxton found the car. (Tr. 236.) Officer Hetzer testified that, after patting appellant down, he spoke to appellant and attempted to identify him, but appellant did not respond with his social security number and kept saying his name so fast that Officer Hetzer could not understand him. Officer Hetzer testified that appellant was "[r]ude, disrespectful, just didn't want to have any part with us." (Tr. 241.) Appellant kept putting his hands in his pockets or inside his pants.

Officer Salsgiver was standing between Officer Hetzer and appellant so Officer Hetzer could not clearly see appellant. Officer Salsgiver kept telling appellant to keep his hands out of his pants. Officer Salsgiver approached appellant and grabbed one of appellant's hands. Officer Hetzer saw appellant elbow Officer Salsgiver in the face. It looked to Officer Hetzer as a deliberate act because, if he was falling backwards, his elbow would not have come up. (Tr. 242-43.) The two went to the ground and struggled until Officer Paxton used her taser.

{¶5} Finally, Officer Paxton testified. She stated that she found the vehicle that the police were looking for and four individuals standing near the vehicle. She secured one of the men in her cruiser. When the other officers arrived, she asked them to obtain information from the other individuals. As the other two officers were questioning appellant, she began to search the vehicle. She heard elevated voices during their conversation and thought cooperation was an issue. Then a scuffle ensued between appellant and the officers. Ten to fifteen other people began to arrive, and she was worried about the officers' safety. She decided to use her taser on appellant, and the officers were able to handcuff him.

{¶6} After this testimony, the jury found appellant guilty of assault as charged in Count 1 of the indictment and further found that Officer Salsgiver was a peace officer in the performance of his official duties at the time of the assault. The trial court sentenced appellant to three years of community control.

{¶7} Appellant filed a motion for leave to file a delayed appeal, which was granted. Appellant then filed a notice of appeal and raised the following assignment of error:

> THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF ASSAULT ON A PEACE OFFICER AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} By his assignment of error, appellant contends that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

There are different standards of review used for sufficiency and manifest weight of the evidence. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997). "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). "A verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact." *State v. Ingram*, 10th Dist. No. 11AP-1124, 2012-Ohio-4075, ¶ 18, citing *State v. Treesh*, 90 Ohio St.3d 460, 484 (2001). The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of the appellant's guilt beyond a reasonable doubt. *See State v. Conley*, 10th Dist. No. 93AP-387 (Dec. 16, 1993).

{¶9} We first consider appellant's claim that his conviction for assault was not supported by sufficient evidence. Appellant argues that he did not knowingly strike Officer Salsgiver but, instead, committed an instinctive, accidental flailing motion that made contact with Officer Salsgiver's head.

{¶10} Former R.C. 2903.13 states, in part: "(A) No person shall knowingly cause or attempt to cause physical harm to another. * * * (C)(3) If the victim of the offense is a peace officer, * * * while in the performance of their official duties, assault is a felony of the fourth degree." R.C. 2901.22(B) defines "knowingly," as: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." " 'Knowingly' does not require the offender to have the specific intent to cause a certain result. That is

the definition of 'purposely.' " *State v. Dixon*, 8th Dist. No. 82951, 2004-Ohio-2406, ¶ 16, quoting *State v. Huff*, 145 Ohio App.3d 555 (1st Dist.2001). "[W]hether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Sorrells-Johnson*, 10th Dist. No. 07AP-1029, 2008-Ohio-3469, ¶ 18, citing *Dixon*.

{¶11} In this case, Officer Hetzer testified that appellant was not cooperative when asked for identifying information and was rude and disrespectful. Appellant kept putting his hands in his pockets or inside his pants. Officers Hetzer and Salsgiver both testified that appellant was asked several times to remove his hands from his pants, but would not comply. Officer Salsgiver testified that appellant began "blading his body" and turned his body so Officer Salsgiver could only see the side of him. (Tr. 194.) Officer Salsgiver believed appellant was "going for an offensive manner," so he grabbed appellant's left arm to remove it from his pants and then appellant shifted his weight backwards, pulled away with his left arm, came around with his right arm, and his elbow struck Officer Salsgiver in the head. (Tr. 196.) Both Officers Hetzer and Salsgiver testified that appellant's strike to Officer Salsgiver was a deliberate action. Appellant's act of flailing his arms with Officer Salsgiver within close proximity was likely to result in contact with Officer Salsgiver. Thus, his act of striking Officer Salsgiver was a reasonable and probable consequence of his own action.

{¶12} In *State v. Trikilis*, 9th Dist. No. 04CA0096-M, 2005-Ohio-4266, the court found there was sufficient evidence supporting assault on a peace officer where the defendant flailed his arms striking the police officer in the face while officers were attempting to restrain him. The officer testified that "he felt pain immediately after being face-to-face with Appellant and observing him flailing his arms." *Id.* at ¶ 23. Appellant's argument that he was accidentally flailing his arms after Officer Salsgiver grabbed his left arm is not sufficient to overcome that appellant knowingly struck Officer Salsgiver. As stated, a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. When flailing one's arms while in close proximity to another, it is probable that one will strike the other.

{¶13} Given this evidence, viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Appellant's conviction was supported by sufficient evidence.

{¶14} With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but we find that there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. Appellant's conviction is not against the manifest weight of the evidence. Appellant's assignment of error is overruled.

{¶15} For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and DORRIAN, J., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____