[Cite as *State v. Browne*, 2024-Ohio-5758.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

ANTHONY ALLEN BROWNE,

    DEFENDANT-APPELLANT.

CASE NO. 6-24-07

O P I N I O N

Appeal from Hardin County Common Pleas Court
Trial Court No. 20232158 CRI

**Judgment Affirmed**

**Date of Decision: December 9, 2024**

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Morgan S. Fish* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Anthony Browne ("Browne"), appeals the April 17, 2024 judgment of conviction and sentence entered against him in the Hardin County Common Pleas Court, following a jury trial that resulted in Browne being found guilty of assault on a peace officer. For the reasons set forth below, we affirm.

*Procedural History*

{¶2} This case originated on September 14, 2023, when a Hardin County grand jury returned a single-count indictment against Browne, charging him with Assault on a Peace Officer, a fourth-degree felony in violation of R.C. 2903.13(A) and (C)(5)(a).

{¶3} On September 27, 2023, an arraignment was held and Browne entered a plea of not guilty to the indictment. Five months of pretrial proceedings then ensued.

{¶4} On February 29, 2024, a jury trial was held in the case. During the trial, the prosecution presented the testimony of two witnesses and introduced a dozen exhibits. After the State rested its case, the defense opted to not present evidence.

{¶5} On that same date, following closing arguments by counsel and instructions of law by the trial court, the jury received the case for deliberation at 4:52 p.m. At approximately 5:51 p.m., the jury returned a verdict finding Browne guilty as charged in the indictment. The trial court accepted the verdict, discharged the jury, and ordered a presentence investigation.

**{¶6}** On April 17, 2024, a sentencing hearing was held and Browne was sentenced to a five-year term of community control.

**{¶7}** On April 25, 2024, Browne filed the instant appeal, in which he raises three assignments of error for our review.

### First Assignment of Error

**The evidence presented at trial was legally insufficient to show that Browne acted with the requisite level of intent to assault a police officer.**

### Second Assignment of Error

**The trial court erred by imposing a fine and appointed counsel fees as part of a sentence when the defendant's sole source of income is government disability payments.**

### Third Assignment of Error

**The trial court erred when it imposed a community service obligation without any accommodation for Browne's legitimate physical and mental disabilities.**

*First Assignment of Error*

**{¶8}** In the first assignment of error, Browne argues that his conviction for assault on a peace officer is not supported by sufficient evidence.

**{¶9}** "'"[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997), quoting Black's Law Dictionary 1433 (6th Ed.1990).

See, also, Crim.R. 29. Sufficiency of the evidence is a test of adequacy rather than of credibility or weight of the evidence. *Thompkins*, at 386-387.

{¶10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St. 3d 259 (1991), paragraph two of the syllabus. Consequently, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. "'In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact.'" *State v. Williams*, 2024-Ohio-2307, ¶ 21 (3d Dist.), quoting *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.).

{¶11} Here, Browne was convicted of Assault on a Peace Officer in violation of R.C. 2903.13(A) and (C)(5)(a). R.C. 2903.13(A) defines the offense of Assault and provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Pursuant to R.C. 2903.13(C)(5)(a), Assault is a fourth-degree felony if "[t]he victim of the offense is a peace officer * * * while in the performance of the officer's * * * official duties."

{¶12} The evidence presented at trial reflects that, on August 24, 2023, at approximately 2:00 a.m., Kenton Police Department Patrolman Robert Shemeth was on duty and conducting stationary surveillance in his marked patrol cruiser. From his location, Shemeth saw a red truck stop at the intersection of Letson Avenue and Fontaine Street, and the truck then peeled its tires as it drove eastbound. Shemeth pulled out onto the road and started trailing the truck. As Patrolman Shemeth attempted to close the distance between his cruiser and the truck, the truck began driving at excessive rates of speed, went left of center twice, and ran a red light at another intersection. As Shemeth was still trying to catch up with the truck, the truck pulled into the rear parking lot of the Kenton Police Department. As Patrolman Shemeth followed the red truck into the police department parking lot, he activated the patrol cruiser's overhead lights.

{¶13} Patrolman Shemeth parked his cruiser ten to twelve feet from the truck, with the cruiser's overhead lights still going, and then the officer approached the truck on the driver's side while shining his flashlight toward the truck's cab. Shemeth ordered the driver of the truck, later identified as Browne, to open the door. When Browne did not comply, Patrolman Shemeth opened the door of the truck. Shemeth told Browne to turn off the truck, which was still running with the headlights on. Browne turned off the truck but, when Shemeth attempted to speak further with Browne, Browne said, "Fuck you", reached for the ignition, and started to close the truck's door. Patrolman Shemeth believed that Browne was going to

attempt to flee, and so the officer reached into the truck and tried to remove the keys from the ignition. At that point, Browne's fists went up and he began flailing with his fists. With a closed fist, Browne struck Shemeth on the left side of the face. Browne twice called Shemeth a "mother fucker" and said he would kill him. Browne then grabbed the officer's left forearm and scratched it, drawing blood.

{¶14} Patrolman Shemeth began to back away from Browne and the officer pulled out his taser. While pointing the taser at Browne, Shemeth radioed for backup. A second officer, Sergeant Skylar Newfer, arrived and assisted Patrolman Shemeth in taking Browne into custody. Browne told the officers that there had been a motorcycle following him through town, although Patrolman Shemeth observed no such motorcycle the entire time he was following Browne.

{¶15} On appeal, Browne's claim in this first assignment of error focuses strictly on the issue of whether the evidence was sufficient to prove that he acted "knowingly", as required to be guilty of Assault. Specifically, Browne argues that the evidence established he was in a panicked state at the time of the incident and that he was "flailing" his fists around when he struck the officer in the cheek. Browne asserts that the testimony and video presented at trial demonstrated that his conduct was more consistent with acting recklessly, as opposed to knowingly.

{¶16} R.C. 2901.22(B) defines "knowingly" as follows:

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶17} Upon examining the evidence in a light most favorable to the prosecution, as we must do in a sufficiency analysis, we conclude that the evidence was more than sufficient to prove that Browne acted knowingly. Officer Shemeth's testimony served to establish that Browne's conduct in striking and scratching the officer was not merely incidental but, rather, deliberate in Browne's apparent attempt to avoid arrest or flee from the officer.

{¶18} Specifically, after Browne became noncompliant with Patrolman Shemeth during the traffic stop, Browne took deliberate action consistent with an attempt to flee the scene. When the officer reached into the vehicle to prevent Browne from leaving the scene, Browne put his arms up, began flailing his arms, closed his fists, and struck the officer in the face. Browne also cursed at Patrolman Shemeth, uttered a threat of physical harm, and scratched the officer on the arm.

{¶19} Further, we note that evidence of similar circumstances has been found sufficient to support a conviction for knowingly causing harm or attempting to cause harm. *See State v. Trikilis*, 2005-Ohio-4266, ¶¶ 23-24 (9th Dist.) (sufficient evidence supported assault on a peace officer where defendant flailed his arms and

struck officer in the face while officers were attempting to restrain defendant); *State v. Munoz*, 2013-Ohio-4987, ¶¶ 9-12 (10th Dist.) (it was probable that the defendant flailing his arms, while in close proximity to a police officer, would strike the officer); *State v. Standifer*, 2012-Ohio-3132, ¶¶ 24-27 (12th Dist.) (evidence that officer was kicked by defendant's flailing foot during arrest was sufficient to support assault conviction).

{¶20} The first assignment of error is overruled.

*Second Assignment of Error*

{¶21} In the second assignment of error, Browne argues that the trial court erred at the time of sentencing when the court imposed a fine and ordered Browne to pay court-appointed counsel fees. Specifically, Browne asserts that those orders made by the trial court were erroneous as Browne has no ability to pay the financial sanctions because his only source of income is government disability payments.

{¶22} An appellate court "may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08. However, the failure to raise an objection in the trial court to a fine imposed at sentencing constitutes a forfeiture of that issue absent plain error. *State v. Kiser*, 2017-Ohio-4222, ¶ 21 (3d Dist.)

**{¶23}** Crim.R. 52(B) governs plain error, and provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Supreme Court of Ohio has held that "the plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 95 (1978).

**{¶24}** In the instant case, because Browne did not object to the financial orders that were made by the trial court at the time of sentencing, we apply the plain-error rule to this assignment of error.

**{¶25}** R.C. 2929.19(B)(5) requires a trial court to "consider the offender's present and future ability to pay" prior to imposing a fine as part of a felony sentence. However, "'[t]he trial court is not required to hold a hearing on ability to pay, nor are there any specific factors to consider or findings to make.'" *State v. Wilkins*, 2014-Ohio-983, ¶ 17 (3d Dist.), quoting *State v. Parker*, 2009-Ohio-3667, ¶ 13 (3d Dist.).

**{¶26}** Pursuant to R.C. 2941.51(A), counsel appointed by the court to represent an indigent criminal defendant shall be paid for by the county. However, pursuant to R.C. 2941.51(D), "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."

**{¶27}** In this case, a sentencing hearing was held on April 17, 2024. At that time, the trial court sentenced Browne to a five-year term of community control and ordered that Browne pay a $1500.00 fine. The trial court also ordered that Browne pay court-appointed counsel fees, assessed as a civil judgment.

**{¶28}** The record reflects that, at the sentencing hearing, defense counsel represented that Browne was not currently employed but that he was receiving disability benefits, for an unspecified reason. Defense counsel further noted that Browne was dealing with mental health and physical issues at that time, which were represented to be depression and a case of gout in his foot, but it was noted that Browne was receiving treatment for both. No other physical or mental limitations were referenced. While the amount of Browne's disability benefit was not mentioned at the hearing, the financial affidavit signed by Browne and filed with the trial court during the pendency of the case reflects that his monthly disability benefit was $1640.00. (Docket No. 6).

**{¶29}** In ordering Browne to pay the $1500.00 fine and court-appointed counsel fees, the trial court stated:

> I understand that you are on disability at this time, but you do have income and you do, frankly, have the ability to do some work, so given time – and it may take a fair amount of time – given time, I believe that you can meet your obligations to the Court.

(4/17/24 Tr., 18).

**{¶30}** Thus, the record reflects that the trial court did consider Browne's financial situation, specifically his present and future ability to pay financial sanctions or costs, before imposing the $1500.00 fine and entering a judgment for court-appointed counsel fees. Therefore, the record does not support a finding that the trial court's orders were contrary to law, much less that they amount to plain error affecting Browne's substantial rights and constituting a miscarriage of justice.

**{¶31}** The second assignment of error is overruled.

### Third Assignment of Error

**{¶32}** In the third assignment of error, Browne claims that the trial court erred in ordering him to complete 120 hours of community service as part of the term of community control to which Brown was sentenced. As there was some evidence introduced at sentencing that Browne was suffering from physical and mental impairments, Browne argues that the trial court erred in failing to specify that Browne's community service be limited to work that he can physically and mentally handle.

**{¶33}** As previously noted, a sentencing hearing was held on April 17, 2024 and Browne was sentenced to a five-year term of community control. As a condition of that community control, the trial court ordered that Browne perform 120 hours of community service, to be completed by August 30, 2024.[1]

---

[1] We note that the trial court's April 17, 2024 sentencing judgment entry reflects that the community service must be completed by October 30, 2024, a discrepancy that should be corrected by the trial court.

**{¶34}** On appeal, Browne asserts that "[w]ithout specific oral or written directives in the record this court cannot assume that the community services coordinator will independently limit Brown's community service activities to accommodate his disabilities." (Brief of Appellant, p. 7). Browne also asserts that "given the emotionally charged nature of the offense, an assault on a police officer, there is a concern that Browne will face unsympathetic court staff who will have little tolerance for his disabilities." (*Id*.).

**{¶35}** However, in addition to the fact that the record reflects no specific mental or physical disabilities that render Browne unable to complete the community service requirement, Browne's assertions in support of this assignment of error are completely speculative, as they are based solely on a scenario that could theoretically happen in the future but that has not yet occurred and may never occur.

**{¶36}** "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus,* 2003-Ohio-5599, ¶ 26. "A claim is not ripe if it rests on contingent events that may never occur at all." *State ex rel. Jones v. Husted*, 2016-Ohio-5752, ¶ 21. In *State v. Greer*, 1999-Ohio-940 (3d Dist.), this Court declined to address an appellate challenge to a potential future sentence that could be imposed upon a violation of community control that had not yet occurred. In so doing, we noted that "[i]t is axiomatic that a claim will be deemed to lack ripeness in the event that 'the time for judicial relief is simply not yet arrived, even though

Case No. 6-24-07

the alleged action of the [party] foretells legal injury * * *.'" *Id*. at *4, quoting *State ex rel. Elyria Foundry Co. v. Industrial Comm.*, 82 Ohio St.3d 88, 89 (1998).

**{¶37}** Based upon the above authority, we find that the issue raised here by Browne is not ripe for our review. Having so found, we decline to address the claim set forth in this assignment of error.

**{¶38}** Accordingly, the third assignment of error is not well-taken and is overruled.

*Conclusion*

**{¶39}** Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of conviction and sentence entered in the Hardin County Court of Common Pleas is affirmed.

***Judgment affirmed***

**WILLAMOWSKI, P.J., and MILLER, J., concur.**

**/jlm**